UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 24-00854-WLH (DFM) | Date: | March 1, 2024 |
| Title | Keith Wesley Edwards v. United States Attorney General | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause

Petitioner Keith Wesley Edwards, who is in custody awaiting a federal trial in Oklahoma, filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. See Dkt. 1. Petitioner is ordered to show cause why the Petition should not be dismissed as improperly brought in habeas corpus.

A. BACKGROUND

On December 7, 2022, an indictment was filed against Plaintiff in the Western District of Oklahoma for being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(8). See United States v. Edwards, No. 22-519 (W. Okla.), Dkt. 1. Petitioner's competency hearing is set for March 7, 2024, and a jury trial is tentatively set for the April 2024 trial docket. See id., Dkts. 19, 35. It appears to the Court that Petitioner is currently housed at the Metropolitan Detention Center in Los Angeles, California.

Petitioner filed three documents in this case: a "Petition for Injunctive Relief," a "Petition for Habeas Corpus," and a "Request for Undefined Term to be Defined." See Dkts. 1, 4, 5. Liberally construed, Petitioner argues that § 922(g) is unconstitutional both facially and as applied to him. Petitioner requests that he be released to his home in Oklahoma.

B. DISCUSSION

Rule 4 allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases; see also Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Section 2241 confers on district courts the authority to entertain applications for a writ of habeas corpus filed by prisoners claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." § 2241(c)(3). Nevertheless, "a habeas court is 'not bound in every case' to issue the writ." Munaf v. Geren, 553 U.S. 674, 693 (2008) (quoting Ex parte Royall, 117 U.S. 241, 251 (1886)). Even in cases where the habeas court has the authority to grant relief, it must consider "whether this be a case in which that power ought to be exercised." Id. (alteration and quotation omitted).

"[A] respect for regular federal-court procedure . . . has led to decisions rejecting the use of habeas corpus by federal prisoners awaiting federal trial." Medina v. Choate, 875 F.3d 1025, 1027 (10th Cir. 2017) (citing Supreme Court cases from the early twentieth century); see also Reese v. Warden Philadelphia FDC, 904 F.3d 244, 246 (3d Cir. 2018) ("Courts have consistently refused to exercise their habeas authority in cases where federal prisoners have sought relief before standing trial. Instead, Courts have long stressed that defendants should pursue the remedies available within the criminal action.").

Here, Petitioner is in federal custody but has yet to be tried, much less sentenced. See Dkt. 1. Accordingly, habeas review is not the appropriate method for addressing his claims concerning the indictment against him. See Medina, 875 F.3d at 1029 (adopting the rule that "§ 2241 is not a proper avenue of relief for federal prisoners awaiting federal trial"); Williams v. Hackman, 364 F. App'x 268, 268 (7th Cir. 2010) ("[A] federal pretrial detainee cannot use § 2241 to preempt the judge presiding over the criminal case."). "Funneling requests for pretrial relief through the criminal action encourages an orderly, efficient resolution of the issues, maintains respect for the appellate process, and prevents duplication of judicial work and judge-shopping." Reese, 904 F.3d at 247.

Section 2241 is also not the proper method for Petitioner to challenge his detention pending trial. The Bail Reform Act of 1984 provides a comprehensive scheme governing pretrial-release decisions. Accordingly, if Petitioner believes he is improperly detained, he should seek review under the act, not through a habeas action. See Whitmer v. Levi, 276 F.App'x 217, 219 (3d Cir. 2008) ("[W]here a defendant is awaiting trial, the appropriate vehicle for violations of his constitutional rights are pretrial motions or the expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. § 3145(b), (c), and not a habeas corpus petition.").

C. CONCLUSION

Petitioner is ORDERED TO SHOW CAUSE within twenty-eight (28) days why the Petition should not be dismissed. Petitioner's response should cite to applicable legal authority. Petitioner's failure to act by the deadline may result in dismissal.