# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| KEITH WESLEY EDWARDS, | No. CV 24-00854-WLH (DFM) |
| Petitioner, | Order Summarily Dismissing Petition Without Prejudice |
| v. | |
| UNITED STATES ATTORNEY GENERAL, | |
| Respondent. | |

Petitioner Keith Wesley Edwards, who is custody awaiting a federal trial in Oklahoma, filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. See Dkt. 1. Petitioner has filed an amended petition as well. See Dkt. 10.

For the reasons set forth below, the Petition is dismissed without prejudice as improperly brought in habeas corpus.

## I.   BACKGROUND

On December 7, 2022, an indictment was filed against Petitioner in the Western District of Oklahoma for being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(8). See United States v. Edwards, No. 22-519 (W. Okla.) ("Edwards"), Dkt. 1. Petitioner's jury trial is tentatively set for the May 2024 trial docket. See id., Dkt. 42.

At some point, Petitioner was housed at the Metropolitan Detention Center in Los Angeles, California. See Find an Inmate, https://www.bop.gov/mobile/find_inmate/index.jsp (search for "37083-510"). On April 5, 2024, Petitioner appeared in front of Magistrate Judge Suzanne Mitchell in Oklahoma, who ordered Petitioner detained pending trial. See Edwards, Dkts. 54, 56. Petitioner's current address is the Grady County Law Enforcement Center in Chickasha, Oklahoma.

Initially, Petitioner filed three documents in this case: "Petition for Injunctive Relief;" "Notice," which is his habeas petition; and "Request for Undefined Term to be Defined." See Dkts. 1, 4, 5.[1] Liberally construed, Petitioner argues that § 922(g) is unconstitutional both facially and as applied to him, and requests that he be released to his home in Oklahoma. See id. Petitioner's amended petition alleges that he has been illegally detained pending his competency hearing. See Dkt. 10.

On March 1, 2024, the magistrate judge ordered Petitioner to show cause why the matter should not be dismissed as improperly brought in habeas corpus. See Dkt. 9. Petitioner objected, reiterating his claim that he has been detained longer than permitted and without due process. See Dkt. 12.

## II.   DISCUSSION

Rule 4 allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases; see also Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4

---

[1] Petitioner maintains that his "Petition for Injunctive Relief" is a separate action that has nothing to do with this habeas matter. See Dkt. 11. The Court does not agree. Regardless, even if that filing was distinct, it would still be improperly brought in this Court.

"explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated").

Section 2241 confers on district courts the authority to entertain applications for a writ of habeas corpus filed by prisoners claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." § 2241(c)(3). Nevertheless, "a habeas court is 'not bound in every case' to issue the writ." Munaf v. Geren, 553 U.S. 674, 693 (2008) (quoting Ex parte Royall, 117 U.S. 241, 251 (1886)). Even in cases where the habeas court has the authority to grant relief, it must consider "whether this be a case in which that power ought to be exercised." Id. (alteration and quotation omitted).

"[A] respect for regular federal-court procedure . . . has led to decisions rejecting the use of habeas corpus by federal prisoners awaiting federal trial." Medina v. Choate, 875 F.3d 1025, 1027 (10th Cir. 2017) (citing Supreme Court cases from the early twentieth century); see also Reese v. Warden Philadelphia FDC, 904 F.3d 244, 246 (3d Cir. 2018) ("Courts have consistently refused to exercise their habeas authority in cases where federal prisoners have sought relief before standing trial. Instead, Courts have long stressed that defendants should pursue the remedies available within the criminal action.").

Here, Petitioner has yet to be tried, much less sentenced. See Edwards, Dkt. 42. Accordingly, habeas review is not the appropriate method for addressing his claims concerning the indictment against him. See Medina, 875 F.3d at 1029 (adopting the rule that "§ 2241 is not a proper avenue of relief for federal prisoners awaiting federal trial"); Williams v. Hackman, 364 F. App'x 268, 268 (7th Cir. 2010) ("[A] federal pretrial detainee cannot use § 2241 to preempt the judge presiding over the criminal case."). "Funneling requests for pretrial relief through the criminal action encourages an orderly, efficient resolution of the issues, maintains respect for the appellate process, and

prevents duplication of judicial work and judge-shopping." <u>Reese</u>, 904 F.3d at 247.

Section 2241 is also not the proper method for Petitioner to challenge his detention pending trial. The Bail Reform Act of 1984 provides a comprehensive scheme governing pretrial-release decisions. Accordingly, if Petitioner believes he is improperly detained, he should seek review under the act, not through a habeas action. <u>See</u> <u>Whitmer v. Levi</u>, 276 F.App'x 217, 219 (3d Cir. 2008) ("[W]here a defendant is awaiting trial, the appropriate vehicle for violations of his constitutional rights are pretrial motions or the expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. § 3145(b), (c), and not a habeas corpus petition."). In fact, it appears that Petitioner's counsel has done just that. <u>See</u> <u>Edwards</u>, Dkt. 55 (motion to reopen detention hearing, filed April 5, 2024).

### III.   CONCLUSION

The Petition is dismissed without prejudice to filing an appropriate challenge in his criminal case. Petitioner is not required to obtain a certificate of appealability to appeal to the Ninth Circuit Court of Appeals. <u>See</u> <u>Harrison v. Ollison</u>, 519 F.3d 952, 958 (9th Cir. 2008).


Date: 6/13/2024

_____
WESLEY L. HSU
United States District Judge


Presented by:

DOUGLAS F. McCORMICK
United States Magistrate Judge

4